### CRAWFORD et al. v. COTTON et al.

(District Court, S. D. Florida. May 18, 1922.)

No. 75.

Estoppel ⬦⟶38—Subsequently acquired title of grantor held to inure to grantee as to timber.

Where a grantor conveyed by warranty deed timber lands, which he held under contract, not having yet received title, the fact that he reserved certain timber, and also included in the deed timber on other lands, *held* not to evidence an intention to treat all the timber as personalty, and the title to the lands subsequently acquired by him *held* to inure to his grantee, both as to the lands conveyed and the timber thereon not reserved.

In Equity. Suit by George H. Crawford and others against Frank Cotton and others. Decree for defendants.

Hilton S. Hampton and John W. Bull, both of Tampa, Fla., for complainants.

Whitaker, Himes & Whitaker, of Tampa, Fla., and J. T. McCollum, of Bushnell, Fla., for defendants.

CALL, District Judge. In this cause the complainants filed their bill, alleging ownership of the hardwood timber growing upon sections 9, 10, 16, and portions of sections 13, 14, 24, and 36, in township 22 S., range 22 E., and that defendants had cut and removed hardwood timber from section 24, and would continue so to do, and pray for an injunction and accounting. The defendants answered, admitting the cutting and removal of hardwood timber, and claimed a right to do so.

The cause is submitted on an agreed statement of facts. The material facts may be stated as follows:

In December, 1899, one Powell contracted with the common predecessor in title to both complainants and defendants to convey to him certain lands, described according to surveys of the United States. This contract was performed in September, 1902, by Powell and his

---

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

wife executing a deed conveying the lands and some others not described in the contract, to this common predecessor in title, with full covenants of warranty. In 1901, before the receipt of the Powell deed, this common predecessor in title conveyed the lands described in the Powell deed to the predecessor in title of the defendants, by a deed of conveyance with full covenants of warranty. In this last-mentioned deed the particular description of the lands by the government survey is preceded by these words:

"All that certain body of land and timber containing 4,820 acres, more fully described."

After particularly describing the land, giving sections, townships, and range, the deed proceeds:

"Also all the timber logs and trees suitable for sawmill purposes on 680 acres of land more fully described as follows."

Then follows the description of this 680 acres. This deed contains these words after this description:

"The 4,820 acres of land and timber, and 680 acres of timber, making together 5,540 acres, now held by said party of the first part under contract of sale from W. L. Powell, and this conveyance thereof being intended to operate as a bond for title until deed from W. L. Powell is executed in the month of June, 1902, to said party of the first part, and from and after that time this conveyance shall operate as a fee-simple title from said party of the first part to said parties of'the second part for said 4,820 acres of land and timber, and said 680 acres of timber, without any further deed or formal transfer being executed to them by him."

This deed also conveys other lands apparently owned by the party, as well as the timber upon certain other lands owned by him, all of which lands are particularly described. Then follows this provision:

"It is understood and agreed, and hereby expressly stated, that all cypress timber on sections 28, 34, and 35, and in all ponds in sections 9, 10, and 16, and in the pond known as Marshall's Bay in sections 13 and 14, all in township 22 south, range 22 east, are excepted and not conveyed to said parties of the second part."

In February, 1903, after the execution and delivery of the foregoing deeds, this common predecessor in title to the parties to this suit executed and delivered to the predecessor in title to the complainants a conveyance of—

"all the cypress in sections nine (9), ten (10), and sixteen (16); also the N. E. ¼ section 24 and the S. ½ of the S. ½, and the N. E. ¼ of the S. E. ¼ and the N. W. ¼ of the S. W. ¼, section 13, and the N. E. ¼ of S. E. ¼, section 14, all of township twenty-two S. and E.; also the S. E. ¼ 36."

This description is followed by this:

"The above lease covers all other timber on above-described lands, except the pine timber, all cypress adjoining the described lands belonging to J. C. Getzen. Cypress shall be moved inside of 20 years."

In April, 1911, another instrument was executed by Getzen and wife, correcting the description by giving the township and range in which the land lies.

It is contended for complainants that, while the subsequent receipt by Getzen of the warranty deed from Powell inured to the benefit of Getzen's donees, in so far as the title to the lands, yet there was such a change in the character of the growing trees as property evidenced by the grantor in his conveyance as made the timber personal property, and as to this that the title to them did not follow the fee simple in the land, and required another conveyance to vest this title in the same, and therefore the lease executed subsequent to this receipt vested the title to all the growing timber on the land described in the lease in the donee in the lease. This contention I do not think is borne out by a proper construction of the instruments attached to the agreed statements of facts.

A clear and well-defined intent is evidenced by the warranty deed executed by Getzen to differentiate between the land sold, which was held under a contract of purchase from Powell, and lands upon which only the timber was sold. The land in one instance was being disposed of; in the other, the timber, and not the land. The cases cited by complainants might well apply where only the timber was sold, but have no application to the sale of the land, except the reservation of the cypress timber on the subdivisions specified in the conveyance. All these instruments were duly recorded, and the complainant's predecessor in title was charged with notice of the contents of the conveyance, and what reservations had been made and whatever rights he acquired were subject to such notice. It is true the lease, after specifying particularly "cypress," in another clause says all timber except pine; but the donor had reserved from the effect of the conveyance of the land, which carried with it everything growing thereon, except what was reserved, only the cypress. The hardwood timber was not reserved, and therefore passed with the fee simple in the land to the donee. And granting for this case that the Florida statute is applicable, which is not decided, no point having been made thereon, the complainants have not shown title in themselves to the timber, of the removal of which they complain.

I find the equities with the defendants, and the bill will be dismissed, at the cost of the complainants. It will be so decreed.